

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

PRIMARY INTEGRATION, LLC,            )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        Civil Action No.: _1:10 cv 1049 LMB/TRJ_
                                     )
JOHN ERIC GROSECLOSE,                )
                                     )
            Defendant.               )

## NOTICE OF REMOVAL

Defendant John Eric Groseclose ("Defendant"), by counsel, pursuant to 28 U.S.C.

§§ 1332, 1441 and 1446, hereby removes this action from the Circuit Court of Fairfax County,

Virginia to the United States District Court for the Eastern District of Virginia, Alexandria

Division, and in support thereof states as follows:

1.      Defendant is, and was at all times relevant to this action, an individual

resident and citizen of Georgia.

2.      Primary Integration, LLC ("Plaintiff") is a limited liability company

organized and existing under the laws of Virginia, with its principal place of business in

Centreville, Virginia.

3.      Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1441 and

1332, as there is diversity of citizenship and the amount in controversy exceeds $75,000.00.

4.      This civil action commenced in the Circuit Court of Fairfax County,

Virginia on or about July 23, 2010 with the filing of a Complaint by Plaintiff, styled as *Primary*

*Integration, LLC v. John Eric Groseclose*, Case No. 2010-10482.

5.     As set forth in the Complaint, Plaintiff seeks injunctive relief and damages arising from claims of breach of contract, tortious interference with contract, tortious interference with business relations, misappropriation of trade secrets under the Virginia Uniform Trade Secrets Act, conversion and defamation.

6.     The controversy between Plaintiff and Defendant invokes diversity jurisdiction, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest, and is between citizens of different states. *See* 28 U.S.C. § 1332.

7.     This Court has original jurisdiction over the instant matter pursuant to the provisions of 28 U.S.C. § 1332. This matter is therefore removable to federal court.

8.     Service of process in the instant matter was obtained through service on the Secretary of the Commonwealth of Virginia, with the certificate of compliance being filed in the Circuit Court of Fairfax County, Virginia on August 23, 2010. This Notice of Removal is therefore timely filed within 30 days after Defendant was served with this action.

9.     Attached hereto, and made a part hereof, are copies of all process and pleadings served upon Defendant, consisting of a Notice of Service of Process from the Commonwealth of Virginia - Secretary of the Commonwealth, an Affidavit for Service of Process on the Secretary of the Commonwealth, a Summons for Civil Action, the Complaint and a copy of all attachments to the Complaint.

10.     A Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Circuit Court for Fairfax County, Virginia. Defendant will also promptly give Plaintiff written notice of the filing of this Notice of Removal.

WHEREFORE, John Eric Groseclose hereby requests that this action be removed to this Court.

2

JOHN ERIC GROSECLOSE

David E. Constine, III
Virginia State Bar Number: 23223
A. Tevis Marshall
Virginia State Bar Number: 68401
Attorneys for Defendant
Troutman Sanders LLP
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Fax: (804) 697-1339
david.constine@troutmansanders.com
tevis.marshall@troutmansanders.com

Counsel for Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of September, 2010, I sent a copy of the

foregoing via regular mail to:

Michael F. Germano, Esquire
Lee & McShane, P.C.
1211 Connecticut Avenue, N.W., Ste. 425
Washington, D.C. 20036
Phone: (202) 530-8100
Fax: (202) 530-0402
mfg@lee-mcshane.com

Counsel for Plaintiff

JOHN ERIC GROSECLOSE

David E. Constine, III
Virginia State Bar Number: 23223
A. Tevis Marshall
Virginia State Bar Number: 68401
Attorneys for Defendant
Troutman Sanders LLP
P. O. Box 1122
Richmond, Virginia  23218-1122
Telephone: (804) 697-1200
Fax: (804) 697-1339
david.constine@troutmansanders.com
tevis.marshall@troutmansanders.com

Counsel for Defendant.

1977611

4



# COMMONWEALTH of VIRGINIA

POST OFFICE BOX 2452

### Secretary of the Commonwealth

RICHMOND, VIRGINIA 23218-2452

## NOTICE OF SERVICE OF PROCESS

John Eric Grosseclose
149 Alford Road SE
Rome, GA  30161

Primary Intergration, LLC

vs.

John Eric Grosseclose

**Summons and Complaint**

Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia
which designates the Secretary of the Commonwealth as statutory agent for Service of Process.

If you have any questions about this matter, PLEASE contact <u>the CLERK of the enclosed/below
mentioned court</u> or any attorney of your choice.  <u>Our office does not accept payments on behalf
of debts.</u>  The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed
papers to you.

COURT:
County of Fairfax
Fairfax County Circuit Court
4110 Chain Bridge Road
Suite 116
Fairfax, VA 22030-4040
703-246-4100

Service of Process Clerk
Secretary of the Commonwealth's Office

Document 1, Image 1 of 3

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE**     Case No.     CL-2010-0010482
**SECRETARY OF THE COMMONWEALTH**
Commonwealth of Virginia

......................................... Fairfax County .......................................... Circuit Court

Primary Integration, LLC .............................. v. ................... John Eric Groseclose

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

| Attachments: | ☒ Summons and Complaint | ☐ Notice |
| --- | --- | --- |

I, the undersigned Affiant, state under oath that
☒ the above-named defendant    ☐                    **John Eric Groseclose**

whose last known address is   ☐ same as above ☒    **149 Alford Road, SE, Rome, GA 30161-8327**

1.  ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A)
        applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).

2.  ☐ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE
        REQUIREMENT ON BACK)

_____ is the hearing date and time on the attached process or notice.

8/12/10                                                    VA  79604

State of *District of Columbia*  ☐ City ☐ County of  *Washington DC*

Acknowledged, subscribed and sworn to before me this day by  *Jeffrey R. Belcher*

8/12/10                            (PRINT NAME OF SIGNATOR)

☐ CLERK    ☐ MAGISTRATE    **Jeffrey R. Belcher**
Notary Registration No _____  **Notary Public, District of Columbia**
                                    **My Commission Expires May 15, 2014**

☒ Verification of the date of filing of the certificate of compliance is requested and a self-addressed stamped envelope is provided.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
     You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary
of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by
certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to
seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE THAT THE CERTIFICATE OF COMPLIANCE IS FILED WITH THE ABOVE-
NAMED COURT.

**CERTIFICATE OF COMPLIANCE**
I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1.  On   **AUG 1 6 2010**                          , legal service in the above-styled case was made upon the Secretary of the
        Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2.  On   **AUG 1 9 2010**        , papers described in the Affidavit were forwarded by certified mail, return receipt
        requested, to the party designated to be served with process in the Affidavit.

_____
SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 11/07
VA CODE §§ 8.01-301, -310, -329, 55-218.1, 57-51

## TIMELY SERVICE REQUIREMENT:

Service of process in actions brought on a warrant or motion for judgment pursuant to Virginia Code § 16.1-79 or § 16.1-81 shall be void and of no effect when such service of process is received by the Secretary within ten days of any return day set by the warrant. In such cases, the Secretary shall return the process or notice, the copy of the affidavit, and the prescribed fee to the plaintiff or his agent. A copy of the notice of the rejection shall be sent to the clerk of the court in which the action was filed.

## NON-RESIDENCE GROUNDS REQUIREMENT:

If box number 1 is checked, insert the appropriate subsection number:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or things in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6. Having an interest in, using, or possessing real property in this Commonwealth at the time of

7. Contracting to insure any person, property, or risk located within the Commonwealth at the time of contracting; or

8. (ii) Having been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having in personam jurisdiction over such person.

10. Having incurred a tangible personal property tax liability to any political subdivision of the Commonwealth.

## DUE DILIGENCE REQUIREMENT:

SPS

COMMONWEALTH OF VIRGINIA
### CIRCUIT COURT OF FAIRFAX COUNTY
**4110 CHAIN BRIDGE ROAD**
**FAIRFAX, VIRGINIA 22030**
**703-691-7320**
(Press 3, Press 1)

Primary Integration LLC vs. John Eric Groseclose

CL-2010-0010482

TO:   John Eric Groseclose

## SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby
notified that unless within 21 days after such service, response is made by filing in the
Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and
charges may be taken as admitted and the court may enter an order, judgment or decree
against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on Thursday, July 29, 2010.

**JOHN T. FREY, CLERK**

By: _Gina Thornton_

**Deputy Clerk**

Plaintiff's Attorney  Not In System

VIRGINIA:

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

PRIMARY INTEGRATION, LLC          :
                                  :
           Plaintiff,             :
                                  :
    v.                            :      Case No.:    2010-10482
                                  :
JOHN ERIC GROSECLOSE,             :
                                  :
                                  :
           Defendant.             :

## COMPLAINT

COMES NOW the Plaintiff, Primary Integration, LLC, and for its Complaint against the Defendant John Eric Groseclose, states as follows:

## PARTIES

1.     Primary Integration, LLC ("Plaintiff") is a Virginia limited liability company with its principal place of business located in McLean, Virginia.

2.     On information and belief, John Eric Groseclose ("Defendant") is a resident of Georgia and a former employee of Plaintiff, who was terminated by Plaintiff for misconduct.

## FACTS

3.     Plaintiff is engaged in the business of, among other things, providing design services, maintenance services, and remote monitoring services for industrial and government

1

owned electrical systems, as well as a manufacturer and seller of various electrical equipment products. In furtherance of its endeavors, Plaintiff acquires, develops, and places significant value in its confidential and proprietary information, its trade secrets, its business methods and processes, and its intellectual property.

4.    Plaintiff invested and continues to invest considerable resources to develop intellectual property, trade secrets, information, methods, systems, and techniques to provide design, maintenance, and remote monitoring services.

5.    The information described in the preceding paragraphs is valuable, confidential, and proprietary to Plaintiff, and is not generally known in the public domain.

6.    Individuals employed by Plaintiff who are involved in providing design, maintenance, and remote monitoring services, as well as sales, become inexorably and intimately knowledgeable of Plaintiff's clients, prospective clients, its clients' needs, its prospective clients' needs, Plaintiff's financial information, Plaintiff's employees, Plaintiff's systems, methods, processes, trade secrets, intellectual property, and confidential and proprietary information.

7.    The aforementioned information has significant economic value to Plaintiff, and would be of significant economic value to competitors.

8.    To protect its legitimate business interests with respect to the aforementioned information, Plaintiff requires the individuals it employs to sign restrictive covenants and non-disclosure agreements as a condition of employment.

9.    Defendant was hired by Plaintiff as a "Director of Field Service" in or about March, 2006. On or about March 24, 2006 Defendant entered into an agreement as specified above. (A copy of the Agreement is attached as Exhibit 1.)

10.    The Agreement provides, *inter alia*, as follows:

2

While I am employed by PRIMARY INTEGRATION LLC (or any of its affiliates) and thereafter, I will not disclose any confidential or proprietary information concerning the property, operations, customers, suppliers, employees and/or business affairs of PRIMARY INTEGRATION LLC or its affiliates, including but not limited to any technical, marketing, product development, pricing or financial information of PRIMARY INTEGRATION LLC or its affiliates (collectively, the "Confidential Information") to (a) any person not employed or otherwise engaged by PRIMARY INTEGRATION LLC, or (b) any person employed by PRIMARY INTEGRATION LLC not required to have knowledge of such Confidential Information in connection with the performance of such person's duties.

During my term of employment and for a period of one (1) Year thereafter, I will not, directly or indirectly, whether as an officer, manager, director, member, stockholder, partner, proporietor, associate, representative, consultant, or in any other capacity whatsoever, engage in, become financially interested in, be employed by or have any business connection with, any other person, corporation, company, firm, partnership, or other entity whatsoever which competes directly or indirectly with PRIMARY INTEGRATION LLC or any of its affiliates, throughout the world, in any line of business engaged in (or planning to be engaged in) by PRIMARY INTEGRATION LLC or any of its affiliates; provided, however, that anything above to the contrary notwithstanding, I understand that I may own, as a passive investor, securities of any public corporation, so long as my direct holdings in any one such corporation will not in the aggregate constitute more than one percent (1%) of the voting stock of such corporation.

During my term of employment and for a period of one (1) Year thereafter, regardless of the reason for termination, I will not directly or indirectly, by myself or through any other entity or third party, solicit any customers, or employ or attempt to employ any person who is in the employ, of PRIMARY INTEGRATION LLC or any of its affiliates

[...]

This Agreement will be governed by the laws of the Commonwealth of Virginia, without regard to such state's conflicts of laws principles.

3

11.    Prior to his employment with Plaintiff and/or its subsidiaries, predecessors, or affiliates, Defendant had no knowledge of Plaintiff's clients, prospective clients, its clients' needs, its prospective clients' needs, Plaintiff's financial information, Plaintiff's employees, Plaintiff's systems, methods, processes, trade secrets, intellectual property, and confidential and proprietary information.

12.    Prior to his employment with Plaintiff and/or its subsidiaries, predecessors, or affiliates, Defendant had no knowledge of Plaintiff's clients, prospective clients, its clients' needs, its prospective clients' needs, Plaintiff's financial information, Plaintiff's employees, Plaintiff's systems, methods, processes, trade secrets, intellectual property, and confidential and proprietary information.

13.    In carrying out his duties, Defendant had access to, among other things, clients, prospective clients, its clients' needs, its prospective clients' needs, Plaintiff's financial information, Plaintiff's employees, Plaintiff's systems, methods, processes, trade secrets, intellectual property, and confidential and proprietary information.

14.    During his employment with Plaintiff, Defendant had a duty to, among other things, become familiar with Plaintiff's clients, prospective clients, its clients' needs, its prospective clients' needs, Plaintiff's financial information, Plaintiff's employees, Plaintiff's systems, methods, processes, trade secrets, intellectual property, and confidential and proprietary information.

15.    The information referenced in the preceding paragraph above is not otherwise obtainable from public sources and constitutes confidential information, proprietary information, and trade secrets.

4

16     Throughout his employment with Plaintiff, Defendant worked on a number of jobsites in a number of geographical locations, including Virginia, and consistently and continuously maintained communication with Plaintiff through telephonic and electronic means. For a period extending after Defendant's employment with Plaintiff, Defendant maintained possession of a cellular telephone issued by the Plaintiff and maintained possession of a computer issued by the Plaintiff.

17.     On at least four occasions, Defendant visited Plaintiff at Plaintiff's McLean, Virginia office for business purposes.

18.     On December 14, 2009, the Defendant's employment with Plaintiff was terminated by Plaintiff for misconduct.

19.     During the relevant period of time, Defendant spent a significant amount of time in Virginia and had significant ties with Virginia through his employment relationship with Plaintiff. Defendant's breaches of contract all stem from his relationship with Virginia.

20.     Defendant's breach of contract and tortious activity as pleaded herein arose from Defendant's transaction of business in Virginia.

21.     Defendant caused tortious injury in the Commonwealth either by an act or omission in Virginia or by an act or omission outside of Virginia.

22.     Upon information and belief, Defendant does and solicits business with respect to various projects along the East Coast of the United States including in the Commonwealth of Virginia. Through this business enterprise, Defendant engages in a persistent course of conduct with Virginia and derives substantial revenue from services rendered in Virginia.

5

## ALLEGATIONS COMMON TO ALL COUNTS

23.    After Defendant's employment relationship with Plaintiff ended, Defendant began interfering with Plaintiff's provision of services to Plaintiff's existing clients, diverted business from Plaintiff through improper means, disclosed Plaintiff's trade secrets and other confidential and proprietary information, took property belonging to Plaintiff, and improperly disparaged Plaintiff's business.

24.    Plaintiff has trade secrets, confidential information, proprietary information, and intellectual property.   Plaintiff has a property interest in and is entitled to immediate possession of its confidential information, proprietary information, and intellectual property.   Defendant exercised, and continues to exercise, wrongful exercise or assumption of authority over Plaintiff's confidential and proprietary information by misappropriating it to himself and others.

25.    Defendant copied and misappropriated software belonging to Plaintiff, from Plaintiff's computers and servers.

26.    Defendant's wrongful use of Plaintiff's property deprived Plaintiff of Plaintiff's rights in and possession of said information and property.

27.    After his departure from Plaintiff's employ, Defendant began soliciting employment from or otherwise being retained by entities in connection with projects on which Plaintiff was performing services at the Carolinas HealthCare Systems ("CHS") facilities in Charlotte and Pineville, North Carolina and by soliciting employment or diverting Plaintiff's expectation of future business in connection with a project at CHS's NorthEast campus and at an upcoming Verizon Communications, Inc. ("Verizon") project in New Jersey.

6

28     Defendant influenced the engineer of record at CHS's Pineville facility to interfere with electrical systems and processes by advancing untrue statements and by otherwise disparaging Plaintiff's processes and methods. Such statements were untrue and represented an effort to compete directly with Plaintiff which is a direct breach of the Employment Agreement and constitutes tortious conduct.

29.    At CHS's Charlotte facility, Defendant worked on machinery that was the property of Plaintiff and/or the property of another entity or entities with whom Plaintiff had a valid contract relating to the same work that Defendant performed. Defendant altered data and/or codes to equipment and unlawfully or improperly attempted to make repairs to one or more pieces of machinery.

30     Plaintiff had valid contracts, business relationships, and the expectancy of future contracts and business relationships with a probability of future economic and commercial benefit with a number of customers, clients, and other parties including but not limited to Adams Electric, Inc., Starr Electric Company, Inc., Verizon, and other entities.

31     Defendant knew about these relationships and business expectancies and contacted, among others, Adams Electric, Inc., Starr Electric Company, Inc., and Verizon and other persons in the relevant industry groups in an effort to improperly steer business away from the Plaintiff and to damage the reputation of Plaintiff.

32.    Defendant intentionally interfered with Plaintiff's prospective business relationships for the purpose of securing business and profits from those relationships to himself and for the purpose of embarrassing or humiliating Plaintiff. As a direct and proximate result of Defendant's conduct,, these relationships were thereby terminated or otherwise caused not to occur or persist.

7

33.     Upon information and belief, Defendant told representatives, employees, or agents of prospective and current business entities that Plaintiff was "financially distressed" and "for sale."

34.     Defendant told representatives, employees, or agents of prospective and current business entities that Plaintiff was "incompetent" and unethical."

35.     As a direct and proximate result of all aforementioned actions, Plaintiff has suffered, suffers, and will continue to suffer harm to its competitive position within its industry, its relationship with existing clients and customers, and prospective relationships with prospective clients and customers.

## COUNT I - TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

36     In the relevant industry, in which Plaintiff is an active participant, there is a great degree of competition for lucrative contracts for work on various projects.

37.     Defendant has breached provisions of the Employment Agreement which has caused, is causing, and will continue to cause harm to Plaintiff.

38     Defendant has committed one or more tortious acts that has caused, is causing, and will continue to cause harm to Plaintiff.

39.     Plaintiff reasonably believes that Defendant's conduct persists and will continue to persist in the absence of an injunction.

40.     Plaintiff reasonably believes that there exist other improper actions conducted by Defendant which have caused and continue to cause severe and irreparable harm to Plaintiff.

41.     The unlawful conduct by Defendant has caused, is causing, and continues to cause great and irreparable harm to Plaintiff, which cannot be adequately remedied by an award of

8

monetary damages. The actions described herein are causing and will continue to cause Plaintiff harm and irreparable damage insofar as that conduct interferes with Plaintiff's established business relationships and prospective customers, interferes with Plaintiff's business opportunities, and damages Plaintiff's reputation, goodwill and competitive position.

42      Defendant will suffer no harm if this Court were to provide Plaintiff with injunctive relief because the Court would merely be enforcing an existing valid contract and would prohibit conduct that is otherwise unlawful.

43.     Plaintiff is likely to succeed on the merits of its permanent injunction action for the reasons specified herein

44.     Public interest warrants the imposition of a temporary injunction in this matter for the reasons specified herein

45.     Plaintiff will continue to suffer such injury unless Defendant is restrained and enjoined from continuing the unlawful conduct and from breaching or interfering with the provisions of the Agreement. Plaintiff will not have an adequate remedy at law to redress the actions of the Defendant.

WHEREFORE, Plaintiff demands judgment against the Defendant for a temporary and permanent injunction prohibiting Defendant from contacting, soliciting, working with, or otherwise engaging in business with Plaintiff's customers, duplicating or disposing of any confidential or proprietary information received, generated, or retained by Defendant following his termination of employment with Plaintiff; prohibiting Defendant from using any property, tangible or intellectual, unlawfully obtained from Plaintiff; prohibiting Defendant from violating, directly or indirectly, any and all provisions of the Agreement including but not limited to entering into a competitive business relationship with any and all entities which Plaintiff has a

9

current and prospective business relationship; awarding Plaintiff costs, including reasonable attorneys' fees and costs as permitted by law or as authorized by this Court; and for such other and further relief as this Court may deem proper.

## COUNT II - BREACH OF CONTRACT

46      Plaintiff repeats, realleges, and incorporates each of the allegations set forth in all preceding paragraphs as if fully stated herein.

47.      Plaintiff and Defendant entered into the Agreement, a valid agreement, which provided that, *inter alia*, Defendant would not disclose any confidential or proprietary information concerning the property, operations, customers, suppliers, employees and/or business affairs of Plaintiff to, *inter alia*, persons not employed by Plaintiff   The Agreement further stated that Defendant would not compete with Plaintiff's lines of business.

48      Defendant materially breached one of more provisions of the Agreement by one or more violative acts.

49      As a direct and proximate result of Defendant's breach of the Agreement, Plaintiff has been and will continue to be severely and irreparably damaged.

50.      There are no unsatisfied conditions precedent necessary for the enforcement of the Agreement.

51.      As a direct and proximate result of Defendant's Breach of Contract, Plaintiff has been and will continue to suffer significant financial loss warranting the imposition of compensatory and consequential damages in an amount not less than two million, eight-hundred twenty thousand dollars and no cents ($2,820,000.00).

10

WHEREFORE, Plaintiff prays for judgment against the Defendant in the sum of two million, eight-hundred twenty thousand dollars and no cents ($2,820,000.00), plus prejudgment interest, and for such other and further relief that this Court deems just and proper.

## COUNT III - TORTIOUS INTERFERENCE WITH CONTRACT

52.   Plaintiff repeats, realleges, and incorporates each of the allegations set forth in all preceding paragraphs as if fully stated herein.

53.   Plaintiff had valid contracts with a number of customers, clients, and other parties including but not limited to contracts with Adams Electric, Inc.

54.   Defendant knew about the aforementioned contractual relationships.

55.   Defendant intentionally interfered with Plaintiff's contractual relationship by improper methods including but not limited to reviewing, managing, adjusting, and manipulating equipment at CHS facilities, by entering into employment or consulting relationships with a party or parties in connection with CHS, by encouraging others to breach or otherwise interfere with portions of Plaintiff's contracts, and by disclosing confidential and proprietary information that caused harm to Plaintiff.

56.   Defendant's intentionally interference with Plaintiff's contractual relationships resulted in the termination of those relationships or otherwise caused those relationships to cease to occur or exist.

57.   Defendant's intentionally interference with Plaintiff's contractual relationships resulted in increased costs to Plaintiff in performing the services under its contract.

58.   In the absence of Defendant's interference, Plaintiff's contractual relationships would have persisted.

11

59.   In the absence of Defendant's interference, Plaintiff's would have profited to a greater degree than it did.

60.   Upon information and belief, Defendant has intentionally, maliciously, and without justification or privilege acted to deprive Plaintiff of its contractual relationships or contracts by, among other things, misappropriating and misusing confidential information, conversion of Plaintiff's property, and soliciting Plaintiff's customers.

61.   As a direct and proximate result of the tortious actions by Defendant, Plaintiff has suffered severe financial loss and damages

WHEREFORE, Plaintiff prays for judgment against the Defendant in the sum of two million, eight-hundred twenty thousand dollars and no cents ($2,820,000.00), plus prejudgment interest, attorney fees, punitive damages as authorized by law and for such other and further relief that this Court deems just and proper.

## COUNT IV- TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

62.   Plaintiff repeats, realleges, and incorporates each of the allegations set forth in all preceding paragraphs as if fully stated herein.

63.   Plaintiff has and continues to interfere with Plaintiff's expectancy of business relations, as specified herein.

64.   In the absence of Defendant's interference, Plaintiff would have realized the business relationships set forth above.

65.   Upon information and belief, Defendant has intentionally, maliciously, and without justification or privilege acted to deprive Plaintiff of its prospective business

12

relationships by, among other things, misappropriating and misusing confidential information, by conversion of Plaintiff's property, and by making false statements to third parties.

66.     As a direct and proximate result of the tortious actions by Defendant, Plaintiff has suffered and will continue to suffer significant financial loss and damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant in the sum of two million, eight-hundred twenty thousand dollars and no cents ($2,820,000.00), plus prejudgment interest, attorney fees, punitive damages as authorized by law and for such other and further relief that this Court deems just and proper

## COUNT V – MISAPPROPRIATION OF TRADE SECRETS UNDER THE VIRGINIA UNIFORM TRADE SECRETS ACT, Va. Code §§ 59.1-336 et seq.

67.     Plaintiff repeats, realleges, and incorporates each of the allegations set forth in all preceding paragraphs as if fully stated herein.

68.     Defendant had access to and knowledge of valuable trade secrets, as defined by the Virginia Uniform Trade Secrets Act, Va. Code §§ 59.1-336 et seq., belonging to Plaintiff during the course of Defendant's employment with Plaintiff.

69.     Plaintiff derives actual and potential economic, financial, and business value from its trade secrets and, specifically, those trade secrets known and available to Defendant. These trade secrets are not generally known and not readily ascertainable by proper means. Plaintiff has undertaken reasonable efforts to protect its trade secrets.

70.     Defendant knowingly caused Plaintiff's trade secrets to be disclosed and misappropriated and knew that such disclosure and misappropriation was unlawful.

13

71.    As a direct and proximate result of Defendant's disclosure and misappropriation, Plaintiff has suffered severe financial loss and damages.

72.    Defendant's disclosure and misappropriation has been and is willful and malicious, thereby entitling Plaintiff to punitive damages and attorney fees under Va. Code §§ 59.1-336 et seq

WHEREFORE, Plaintiff prays for judgment against the Defendant in the sum of two million, eight-hundred twenty thousand dollars and no cents ($2,820,000.00), plus prejudgment interest, attorney fees, punitive damages in the amount of three hundred fifty thousand dollars ($350,000.00) and for such other and further relief that this Court deems just and proper.

## COUNT VI – CONVERSION

73.    Plaintiff repeats, realleges, and incorporates each of the allegations set forth in all preceding paragraphs as if fully stated herein.

74.    Defendant exercised, and continues to exercise, wrongful exercise or assumption of authority over Plaintiff's confidential and proprietary information by misappropriating it to himself and others as specified in preceding paragraphs.

75.    Defendant's wrongful use of Plaintiff's property deprived Plaintiff of Plaintiff's rights in and possession of said information and property.

76.    As a direct and proximate result of Defendant's conversion of Plaintiff's property, Plaintiff has suffered, suffers, and will continue to suffer harm to its competitive position within its industry, its relationship with existing clients and customers, and prospective relationships with prospective clients and customers.

14

77     Defendant has acted and continues to act maliciously and recklessly and has shown and continues to show a disregard of the rights of Plaintiff, which warrants the imposition of punitive damages.

78.     As a direct and proximate result of Defendant's disclosure and misappropriation, Plaintiff has suffered damages

WHEREFORE, Plaintiff prays for judgment against the Defendant in the sum of two million, eight-hundred twenty thousand dollars and no cents ($2,820,000.00), plus prejudgment interest, attorney fees, punitive damages as authorized by law and for such other and further relief that this Court deems just and proper.

## COUNT VII   DEFAMATION

79     Plaintiff repeats, realleges, and incorporates each of the allegations set forth in all preceding paragraphs as if fully stated herein.

80     Upon information and belief, Defendant has made and/or published a number of statements about Plaintiff, Plaintiff's reputation, and Plaintiff's business and its trade secrets, as specified in preceding paragraphs

81.     Defendant's statements were made to both entities with existing relationships with the Plaintiff and entities with prospective relationships with the Plaintiff.

82.     Defendant had actual knowledge that his statements were false and the publications of such statements were made with malice.

83.     Defendant did not know the statements to be false but negligently made such statements and that such statements presented Plaintiff with substantial danger of harm.

15

84.    Plaintiff is a corporation for profit and Defendant's defamatory statements have harmed and continue to harm Plaintiff's reputation and commercial interests and have prevented third parties from associating with Plaintiff thereby causing irreparable injury and substantial financial loss.

85.    Defendant has acted and continues to act maliciously and recklessly and has shown and continues to show a disregard of the rights of Plaintiff, which warrants the imposition of punitive damages.

86    As a direct and proximate result of Defendant's disclosure and misappropriation, Plaintiff has suffered financial loss and damages

WHEREFORE, Plaintiff prays for judgment against the Defendant in the sum of two million eight-hundred twenty thousand dollars and no cents ($2,820,000.00), plus prejudgment interest, attorney fees, punitive damages as authorized by law and for such other and further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all triable issues.

Respectfully submitted,
LEE & MCSHANE, P.C.

By:  Michael F. Germano VSB # 79604
1211 Connecticut Avenue, N.W., Ste 425
Washington, D.C.  20036
Phone: (202) 530-8100
Fax: (202) 530-0402
mfg@lee-mcshane.com

16



# PRIMARY INTEGRATION LLC

## NEW EMPLOYEE AGREEMENT

In consideration of my employment by PRIMARY INTEGRATION LLC, I agree that:

1. While I am employed by PRIMARY INTEGRATION LLC (or any of its affiliates) and thereafter, I will not disclose any confidential or proprietary information concerning the property, operations, customers, suppliers, employees and/or business affairs of PRIMARY INTEGRATION LLC or its affiliates, including but not limited to any technical, marketing, product development, pricing or financial information of PRIMARY INTEGRATION LLC or its affiliates (collectively, the "Confidential Information") to (a) any person not employed or otherwise engaged by PRIMARY INTEGRATION LLC, or (b) any person employed by PRIMARY INTEGRATION LLC not required to have knowledge of such Confidential Information in connection with the performance of such person's duties.

2. During my term of employment and for a period of one (1) Year thereafter, I will not, directly or indirectly, whether as an officer, manager, director, member, stockholder, partner, proprietor, associate, representative, consultant, or in any other capacity whatsoever, engage in, become financially interested in, be employed by or have any business connection with, any other person, corporation, company, firm, partnership or other entity whatsoever which competes directly or indirectly with PRIMARY INTEGRATION LLC or any of its affiliates, throughout the world, in any line of business engaged in (or planning to be engaged in) by PRIMARY INTEGRATION LLC or any of its affiliates; provided, however, that anything above to the contrary notwithstanding, I understand that I may own, as a passive investor, securities of any public corporation, so long as my direct holdings in any one such corporation will not in the aggregate constitute more than one percent (1%) of the voting stock of such corporation.

3. During my term of employment and for a period of one (1) Year thereafter, regardless of the reason for termination, I will not directly or indirectly, by myself or through any other entity or third party, solicit any customers, or employ or attempt to employ any person who is in the employ, of PRIMARY INTEGRATION LLC or any of its affiliates.

4. Unless arrangements to the contrary are expressly set forth in a written agreement properly executed by PRIMARY INTEGRATION LLC and me, all records, reports, notes, compilations, computer runs, programs and other recorded matter and copies of such material, whether in paper, electronic or other form, which constitute Confidential Information (collectively, the "Documents") that I receive or produce during my employment are the property of PRIMARY INTEGRATION LLC exclusively. I will treat the Documents as Confidential Information and within the custody and control of PRIMARY INTEGRATION LLC. On termination of my employment (or sooner if requested by PRIMARY INTEGRATION LLC), I will surrender the Documents to PRIMARY INTEGRATION LLC and will retain no copies thereof. If I locate additional Documents after I have been asked to return the Documents, I will keep such Documents confidential, will not permit the Documents to be duplicated or inspected and will return the original and all copies thereof to PRIMARY INTEGRATION LLC at once.

VA910720UR099022 2



**PRIMARY
INTEGRATION**

5.  I agree that any inventions, discoveries, concepts, ideas, or intellectual property or expressions thereof (collectively, the "Inventions"), whether or not subject to patent, copyright, trademark or service mark protections, and whether or not reduced to a practice or method, that are conceived or developed by me during my employment with PRIMARY INTEGRATION LLC that relate to or result from the actual or anticipated business, work, research, or investigation of PRIMARY INTEGRATION LLC or any of its affiliates shall be the sole and exclusive property of PRIMARY INTEGRATION LLC and its affiliates. I will promptly disclose any such Inventions to my immediate supervisor at PRIMARY INTEGRATION LLC and take all actions requested by such person or other PRIMARY INTEGRATION LLC personnel to assign to and vest in PRIMARY INTEGRATION LLC the entire right, title and interest to any such Invention.

6.  My performance of this Agreement does not and will not breach any agreement or obligation made prior to my employment by PRIMARY INTEGRATION LLC, including agreements or obligations I may have with prior employers or entities for which I have provided services. I have not entered into, and will not enter into, any agreement or obligation, either written or oral, in conflict with this Agreement.

7.  I will use the computers, voice mail and e-mail of PRIMARY INTEGRATION LLC only for official PRIMARY INTEGRATION LLC work. I understand that my right, if any, to use the computers, voice mail and e-mail of PRIMARY INTEGRATION LLC will cease when I terminate employment with PRIMARY INTEGRATION LLC, for whatever reason.

8.  Unless arrangements to the contrary are expressly set forth in a written agreement properly executed by PRIMARY INTEGRATION LLC and me, my employment relationship with PRIMARY INTEGRATION LLC is an employment-at-will relationship. This Agreement is not an employment contract and it does not contain any guarantee or right of continued employment.

9.  This Agreement will be governed by the laws of the Commonwealth of Virginia, without regard to such state's conflicts of laws principles.

I understand that my failure to comply with this Agreement and with the policies of PRIMARY INTEGRATION LLC may be cause for disciplinary or civil or criminal actions to be initiated against me.

IN WITNESS WHEREOF, I have signed this agreement this _24_ day of _March_, 20___.

_____   Employee's Signature

_John Eric Groseclose_____ (Print Name)

VA01/TZOUR/390717

VIRGINIA:

IN THE CIRCUIT COURT FOR FAIRFAX COUNTY, VIRGINIA

| | | |
|---|---|---|
| PRIMARY INTEGRATION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2010-10482 |
| | ) | |
| JOHN ERIC GROSECLOSE, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF FILING OF NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that a Notice of Removal of this action from the Circuit Court for Fairfax County, Virginia, to the United States District Court for the Eastern District of Virginia, Alexandria Division (a copy of which is attached hereto as **Exhibit 1**), was sent via overnight delivery on the 20th day of September 2010 to the United States District Court for the Eastern District of Virginia, Alexandria Division, to be filed on the same day.

JOHN ERIC GROSECLOSE

_____

David E. Constine, III
Virginia State Bar Number: 23223
A. Tevis Marshall
Virginia State Bar Number: 68401
Attorneys for Defendant
Troutman Sanders LLP
P. O. Box 1122
Richmond, Virginia  23218-1122
Telephone: (804) 697-1200
Fax: (804) 697-1339
david.constine@troutmansanders.com
tevis.marshall@troutmansanders.com

Counsel for Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of September, 2010, I sent a copy of the foregoing via regular mail to:

Michael F. Germano, Esquire
Lee & McShane, P.C.
1211 Connecticut Avenue, N.W., Ste. 425
Washington, D.C. 20036
Phone: (202) 530-8100
Fax: (202) 530-0402
mfg@lee-mcshane.com

Counsel for Plaintiff

JOHN ERIC GROSECLOSE

David E. Constine, III
Virginia State Bar Number: 23223
A. Tevis Marshall
Virginia State Bar Number: 68401
Attorneys for Defendant
Troutman Sanders LLP
P. O. Box 1122
Richmond, Virginia  23218-1122
Telephone: (804) 697-1200
Fax: (804) 697-1339
david.constine@troutmansanders.com
tevis.marshall@troutmansanders.com

Counsel for Defendant.

1977614

2